■ In the Matter of TOWN OF NEW CASTLE, Respondent, v CATHERINE BLAKEMAN, Appellant. [618 NYS2d 233] —In a proceeding in rem brought pursuant to RPTL article 11 to

foreclose tax liens, the appeal is from a judgment of the Supreme Court, Westchester County (Nicolai, J.), dated January 8, 1993, which, upon an order and judgment (one paper) of the same court, dated November 12, 1992, granting the petitioner's motion for summary judgment and dismissing the appellant's affirmative defenses and counterclaims, foreclosed the tax liens in question, and directed that the appellant's property which was the subject of the foreclosure proceeding be conveyed to the petitioner for resale at a public auction. The notice of appeal from the order and judgment dated November 12, 1992, is deemed a premature notice of appeal from the judgment entered January 8, 1993 (see, CPLR 5520 [c]).

Ordered that the judgment is affirmed, with costs.

The appeal from the intermediate order and judgment dated November 12, 1992, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment dated January 8, 1993 (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order and judgment are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

Contrary to the appellant's contentions, the challenge, in the appellant's first affirmative defense and counterclaim, to the petitioner's tax assessments of the property in question for the years 1989, 1990, and 1991, based upon the assertion that the assessments were, inter alia, excessive, unequal, or unlawful (see, RPTL 706 [1]), was properly dismissed. The appellant had timely commenced tax certiorari proceedings pursuant to RPTL article 7 challenging the assessment rolls for each of those years. All of the article 7 proceedings were pending at the time the court rendered the order and judgment (see, CPLR 3211 [a] [4]).

We have examined the appellant's remaining contentions and find them to be without merit, for the reasons set forth by Justice Nicolai in his decision dated October 20, 1992.

In light of the foregoing conclusions, we need not address the petitioner's remaining contention. Mangano, P. J., Thompson, O'Brien and Ritter, JJ., concur.